Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sheila Finnegan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8368 | **DATE** | 11/29/2012 |
| **CASE TITLE** | Michael S. White vs. Michael J. Astrue | | |

**DOCKET ENTRY TEXT**

Plaintiff Michael S. White's Motion for Summary Judgment [Doc. 28] is granted. Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Administrative Law Judge is reversed, and this case is remanded to the Social Security Administration for further proceedings consistent with this opinion. The Clerk is directed to enter judgment in favor of Plaintiff. Civil case terminated.

■[ For further details see text below.]

Mailed notice.
*Mail AO 450 form.

## STATEMENT

Plaintiff seeks to overturn the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. 42 U.S.C. § 1381a. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and Plaintiff filed a motion for summary judgment. After careful review of the record, the Court now grants Plaintiff's motion and remands the case for further proceedings.

### Background

Plaintiff applied for SSI on November 18, 2008, alleging that he became disabled on December 7, 2007 due to two herniated disks in his neck, a torn AC ("acromioclavicular") in the right shoulder, and hand and back pain. (R. 123-35, 156). On May 6, 2010, Administrative Law Judge Patrick Nagle (the "ALJ") found that Plaintiff's depression and "cervical radiculopathy resulting in neck pain, right shoulder pain, and hand pain" are severe impairments, but that they do not meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 13). After discussing the medical and testimonial evidence in detail, the ALJ determined that Plaintiff has the capacity to perform light work with the following restrictions: he can never climb ladders, ropes or scaffolds; he can only occasionally engage in bilateral overhead reaching, pushing or pulling; he can frequently feel and perform fine and gross manipulations; he can frequently climb ramps or stairs; and he can perform simple, routine and repetitive tasks. (R. 15).

| **STATEMENT** |
|---|

In reaching this conclusion, the ALJ gave "great weight" to the opinion of non-examining state agency consultant Virgilio Pilapil, M.D., who found Plaintiff capable of performing light work with certain manipulative limitations. (R. 17). The ALJ did not indicate what weight he gave to the opinions of Plaintiff's various treating physicians, including hand orthopedist John J. Fernandez, M.D., shoulder orthopedist Gregory P. Nicholson, M.D., neurologist Octavia B. Kincaid, M.D., neurosurgeon Konstantin Slavin, M.D., and orthopedic surgeon Giri T. Gireesan, M.D. Instead, the ALJ merely stated that none of these physicians had indicated that Plaintiff is incapable of gainful employment. (R. 18). By way of example, the ALJ noted that Dr. Fernandez limited Plaintiff to light duty in December 2007 and January 2008, and that in November 2009, Dr. Kincaid recommended that Plaintiff see an occupational therapist "to detail the types of work that [he] could perform." (*Id.*).

With respect to Plaintiff's testimony, the ALJ did not believe his stated degree of limitation, explaining that he "engages in a fair level of activities of daily living," including cooking, cleaning, shopping, paying bills, using public transportation, attending church, and performing personal care tasks. (*Id.*). In addition, Plaintiff "takes only over-the-counter Aleve for pain relief." (R. 16).

Based on the stated residual functional capacity ("RFC"), the ALJ accepted the Vocational Expert's testimony that Plaintiff remains capable of performing a significant number of jobs available in the national economy, including cashier (approximately 41,050 jobs available), routing clerk (approximately 2,750 jobs available), and small products assembler (approximately 2,200 jobs available). (R. 19-20, 57). Even if Plaintiff were limited to only occasional (as opposed to frequent) fingering, handling, and feeling, moreover, he could still work as an usher (approximately 3,900 jobs available), counter clerk (approximately 1,850 jobs available), and furniture rental consultant (approximately 925 jobs available). (R. 20 n.1, 59-60). The ALJ thus concluded that Plaintiff is not disabled within the meaning of the Social Security Act, and is not entitled to benefits.

**Discussion**

**A.     Standard of Review**

Judicial review of the Commissioner's final decision is authorized by § 405(g) of the Social Security Act. *See* 42 U.S.C. § 405(g). In reviewing this decision, the Court may not engage in its own analysis of whether Plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004) (citation omitted). Nor may it "displace the ALJ's judgment by reconsidering facts or evidence or making credibility determinations." *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010) (quoting *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)). The court's task is to determine whether the ALJ's decision is supported by substantial evidence, which is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Skinner*, 478 F.3d at 841).

In making this determination, the court must "look to whether the ALJ built an 'accurate and logical bridge' from the evidence to [his] conclusion that the claimant is not disabled." *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008)). Where the Commissioner's decision "'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 698 (7th Cir. 2009) (quoting *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)).

**STATEMENT**

**B.     Five-Step Inquiry**

To recover SSI under Title XVI of the Social Security Act, a claimant must establish that he is disabled within the meaning of the Act. 42 U.S.C. § 1382c(a)(3); *Rapsin v. Astrue*, No. 10 C 318, 2011 WL 3704227, at *5 (N.D. Ill. Aug. 22, 2011). A person is disabled if he is unable to perform "any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Id*. In determining whether a claimant suffers from a disability, the ALJ conducts a standard five-step inquiry: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform his former occupation? and (5) Is the claimant unable to perform any other work? *See* 20 C.F.R. § 416.920; *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**C.     Analysis**

In support of his request for remand, Plaintiff identifies four "issues for review," one of which is compelling; namely, that the ALJ "erred in failing to accord any evidentiary weight to Plaintiff's treating neurologist, Olivia [sic] Kincaid, treating neurosurgeon Konstantin Slavin, treating orthopedic surgeon, Giri Gireesan" and "rather giving 'great weight' to State agency medical consultant, Virgilio Pilapil's, M.D. opinion." (Doc. 30, at iiii). Unfortunately, Plaintiff fails to develop this argument in his memoranda, omitting any reference to the treating physician rule and related regulations and case law, and providing no coherent factual or legal analysis.[1]

Nevertheless, it is well-established that the opinion of a treating physician is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011); *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010). An ALJ must offer "good reasons" for discounting a treating physician's opinion, *Scott*, 647 F.3d at 739, and then determine what weight to give it considering (1) the length of the treatment relationship and frequency of examination, (2) the nature and extent of the treatment relationship, (3) the degree to which the opinion is supported by medical signs and laboratory findings, (4) the consistency of the opinion with the record as a whole, and (5) whether the opinion was from a specialist. 20 C.F.R. § 404.1527(c)(2)-(5). *See, e.g.*, *Simila*, 573 F.3d at 515.

Here, the ALJ provided no explanation whatsoever as to the weight he gave the opinions from Plaintiff's treating physicians, nor did he give any reasons for declining to find those opinions controlling in this case. The ALJ's claim that "none of these physicians have offered an opinion that [Plaintiff] is incapable of working," (R. 18), is troubling because Dr. Gireesan actually stated in January and May 2010 that Plaintiff "is unable to work at the present time." (R. 550, 551). The ALJ did not mention Dr. Gireesan in his decision, much less explain why he rejected this opinion. Notably, the ALJ relied heavily on the February 2009 RFC from Dr. Pilapil, which could not have accounted for Dr. Gireesan's 2010 reports. The ALJ also ignored Dr. Slavin's January 2009 concern that without spinal surgery, which Plaintiff cannot afford, he may suffer "even worse consequences" from a fall or other type of injury. (R. 349). As a result of these omissions, the Court cannot be certain that the ALJ's RFC is supported by substantial evidence.

## STATEMENT

Under these circumstances, the Court finds that the case must be remanded to the ALJ for further evaluation of the appropriate weight to give the treating physician opinions. The ALJ should also revisit the RFC determination in light of any changed analysis.

### Conclusion

For the reasons stated, Plaintiff's Motion for Summary Judgment is granted. The Clerk is directed to enter judgment in favor of Plaintiff.

---

1. Given the lack of coherent discussion and analysis reflected throughout Plaintiff's briefs, this Court is unlikely to award attorneys' fees if Plaintiff seeks them under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).